

1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona
   WILLIAM B. RUBENS
3  Assistant U.S. Attorney
   New York State Bar No. 4322533
4  7102 E. 30th Street, Suite 101
   Yuma, Arizona 85365
5  Telephone: 928-314-6410
   Email: William.Rubens@usdoj.gov
6  Attorneys for Plaintiff

7
            IN THE UNITED STATES DISTRICT COURT
8
             FOR THE DISTRICT OF ARIZONA
9

10  United States of America,                 Case No. CR-22-402-PHX-DWL
11              Plaintiff,                     Mag. No. 22-01431MJ
12         v.                                  **PLEA AGREEMENT**
13  Empidio Payan-Carrillo,                    **(Fast Track § 5K3.1)**
    a.k.a. Empidio Asuel Payan-Carrillo,
14              Defendant.
15

16         Plaintiff, United States of America, and the defendant, Empidio Payan-Carrillo,

17  hereby agree to dispose of this matter on the following terms and conditions:

18  **1.    PLEA**

19         The defendant will plead guilty to an Information charging a violation of Title 8,

20  United States Code (U.S.C.), Section 1326(a), with a possible sentencing enhancement

21  under Section 1326(b)(1), Reentry of Removed Alien.

22  **2.    MAXIMUM PENALTIES**

23         a.     A violation of 8 U.S.C. § 1326(a), a Class E felony, is punishable by a

24  maximum term of imprisonment of two years and a maximum term of supervised release

25  of one year.  If a sentencing enhancement under 8 U.S.C. § 1326(b)(1), a Class C felony,

26  is applicable, then the maximum term of imprisonment is 10 years and the maximum term

27  of supervised release is three years.  If a sentencing enhancement under 8 U.S.C.

28  § 1326(b)(2), a Class C felony, is applicable, then the maximum term of imprisonment is

1  20 years and the maximum term of supervised release is three years.  A maximum fine of

2  $250,000 may be imposed in addition to any sentence of imprisonment.  The maximum

3  term of probation is five years.

4          b.      According to the Sentencing Guidelines issued pursuant to the Sentencing

5  Reform Act of 1984, the Court shall order the defendant to:

6                  (1)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

7  fine is not appropriate;

8                  (2)      serve a term of supervised release when required by statute or when a

9  sentence of imprisonment of more than one year is imposed (with the understanding that

10  the Court may impose a term of supervised release in all other cases); and

11                  (3)      pay upon conviction a $100 special assessment for each count to

12  which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

13          c.      The Court is required to consider the Sentencing Guidelines in determining

14  the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court

15  is free to exercise its discretion to impose any reasonable sentence up to the maximum set

16  by statute for the crime(s) of conviction, unless there are stipulations to the contrary that

17  the Court accepts.

18          d.      The defendant recognizes that pleading guilty may have consequences with

19  respect to the defendant's immigration status if the defendant is a recently naturalized

20  United States citizen or is not a citizen of the United States.  Under federal law, a broad

21  range of crimes are removable offenses, including the offense to which the defendant is

22  pleading guilty.  Although there may be exceptions, the defendant understands that the

23  defendant's guilty plea and conviction for this offense make it practically inevitable and a

24  virtual certainty that the defendant will be removed or deported from the United States.

25  The defendant agrees that the defendant has discussed this eventuality with the defendant's

26  attorney.  The defendant nevertheless affirms that the defendant wants to plead guilty

27  regardless of any immigration consequences that this plea entails, even if the consequence

28  is the defendant's automatic removal from the United States.

3.    **AGREEMENTS REGARDING SENTENCING**

a.    Stipulation: Acceptance of Responsibility.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will stipulate and agree to a two-level reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction pursuant to U.S.S.G. § 3E1.1.

b.    Stipulated Sentence Under Early Disposition Program.  Although the parties understand that the Sentencing Guidelines are only advisory, and just one of the factors the Court will consider under 18 U.S.C. § 3553(a), pursuant to Fed. R. Crim. P. 11(c)(1)(C) the United States and the defendant stipulate and agree that the following is an appropriate disposition of this case:

(1)    The defendant shall receive a two-level downward departure under U.S.S.G. § 5K3.1.  The United States and the defendant stipulate and agree that the defendant's sentence shall not exceed the high end of the final adjusted Sentencing Guidelines range.  If the defendant requests or the Court authorizes any adjustments or departures pursuant to the Sentencing Guidelines other than the two-level departure provided under this subparagraph, the United States may withdraw from this agreement.  However, nothing in this agreement shall preclude the defendant from arguing for, or the Court from granting, a variance under 18 U.S.C. § 3553(a) in support of a sentence below the final advisory Sentencing Guideline range.  The United States reserves the right to oppose any variance.

(2)    If the defendant does not qualify for an increase to the defendant's base offense level pursuant to U.S.S.G. § 2L1.2(b), then in lieu of the departures listed in subparagraphs(1) {and (2) above, the defendant's sentence shall not exceed the greater of time served or the following caps:

Three months of imprisonment if defendant's Criminal History Category is I;

Four months of imprisonment if defendant's Criminal History Category is II;

Five months of imprisonment if defendant's Criminal History Category is III;

Six months of imprisonment if the defendant's Criminal History Category is IV;

Nine months of imprisonment if defendant's Criminal History Category is V; and

Twelve months and one day of imprisonment if the defendant's Criminal History Category is VI.

c.    <u>Supervised Release</u>.  If the defendant is on supervised release, the United States shall have the right to withdraw from this agreement.

**4.    <u>COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION</u>**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.  In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**5.    <u>WAIVER OF DEFENSES AND APPEAL RIGHTS</u>**

misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

6.  **REINSTATEMENT OF REMOVAL, DEPORTATION OR EXCLUSION OR STIPULATION TO REMOVAL; EFFECT ON OTHER PROCEEDINGS**

The defendant admits that the defendant was the subject of a previous order of removal, deportation or exclusion.  The defendant agrees to the reinstatement of that previous order of removal, deportation or exclusion.  The defendant admits that the defendant does not have a fear of returning to the country designated in the previous order. If this plea agreement is accepted by the Court, the defendant agrees not to contest, either directly or by collateral attack, the reinstatement of the prior order of removal, deportation or exclusion. The defendant understands that this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

7.  **DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8.  **ELEMENTS**

**Reentry of Removed Alien**

On or about March 22, 2022, in the District of Arizona:

1.    The defendant was an alien;

- 5 -

2.    The defendant had been previously denied admission, excluded, deported, or removed from the United States;

3.    The defendant knowingly and voluntarily reentered or was present after a voluntary entry and found in the United States in the District of Arizona; and

4.    The defendant did not obtain the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States prior to returning to the United States.

9.    **FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I, Empidio Payan-Carrillo, am not a citizen or national of the United States. I was removed from the United States through Paso Del Norte, Texas, on March 22, 2019. I was voluntarily present and found in the United States at or near Tacna, Arizona, on March 22, 2022. I was not under the constant, continuous observation of immigration authorities from the time I crossed the border until the time I was found on March 22, 2022. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.

For sentencing purposes, I admit I was convicted of Facilitation of Transportation of Marijuana for Sale, a felony, on August 16, 2017, in the Superior Court of Arizona, Pima County. I was represented by an attorney, and I was sentenced to 0.33 years prison.

b.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

This agreement has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

- 6 -

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

1  (including my attorney) that are not contained within this written plea agreement, are null

2  and void and have no force and effect.

3      I am satisfied that my defense attorney has represented me in a competent manner.

4      I fully understand the terms and conditions of this plea agreement.  I am not now

5  using or under the influence of any drug, medication, liquor, or other intoxicant or

6  depressant that would impair my ability to fully understand the terms and conditions of this

7  plea agreement.

8  _April 5, 2022_                      _Mende Sandoval for Empidio Payan Carrillo_

9  Date                                 EMPIDIO PAYAN-CARRILLO
                                        Defendant

10

11              **APPROVAL OF DEFENSE COUNSEL**

12      I have discussed this case and the plea agreement with my client in detail and have

13  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

14  constitutional and other rights of an accused, the factual basis for and the nature of the

15  offense to which the guilty plea will be entered, possible defenses, and the consequences

16  of the guilty plea including the maximum statutory sentence possible.  I have further

17  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

18  assurances, promises, or representations have been given to me or to the defendant by the

19  United States or any of its representatives that are not contained in this written agreement.

20  I concur in the entry of the plea as indicated above and that the terms and conditions set

21  forth in this agreement are in the best interests of my client.  I agree to make a bona fide

22  effort to ensure that the guilty plea is entered in accordance with all the requirements of

23  Fed. R. Crim. P. 11.

24      I translated or had translated this agreement from English into Spanish to the

25  defendant on the __5th__ day of __april__, 2022.

26

27  _April 5, 2022_                      _Brenda Sandoval_

28  Date                                 BRENDA M. SANDOVAL
                                        Attorney for Defendant

                        - 8 -

1
2       **APPROVAL OF THE UNITED STATES**
3          I have reviewed this matter and the plea agreement. I agree on behalf of the United
4    States that the terms and conditions set forth herein are appropriate and are in the best
5    interests of justice.
6                                        GARY M. RESTAINO
                                         United States Attorney
7                                        District of Arizona
8
9    4/1/22
     Date                               WILLIAM B. RUBENS
10                                       Assistant U.S. Attorney
11
            **ACCEPTANCE BY THE COURT**
12
13
14   7-21-22
     Date
15                                       Honorable Stephen M. McNamee
                                         Senior United States District Court Judge
16
17
18
19
20
21
22
23
24
25
26
27
28

                                         - 9 -